UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ORLANDO LARRY,

                Plaintiff,

v.                                         Case No. 16-cv-1108-pp

DONALD MORGAN, et al.,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 18); GRANTING MOTION TO SUBSTITE MATTHEW FRIEND FOR JOHN DOE #3 AND RUSSELL GOLDSMITH FOR JOHN DOE #4 (DKT. NO. 23); DENYING MOTION FOR ORDER REGARDING SUBPOENA (DKT. NO. 24); DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 3); GRANTING DEFENDANTS' MOTION TO STAY DISPOSITIVE MOTION DEADLINE (DKT. NO. 40); AND DENYING AS MOOT DEFENDANTS' MOTION FOR EXTENSION OF TIME OF DISPOSITIVE MOTIONS DEADLINE (DKT. NO. 41)**

---

I.    *Plaintiff's Motion to Extend Time to Identify Doe Defendants*

On January 27, 2017, the court entered a scheduling order that, among other things, required the plaintiff to identify the proper names of three unidentified John Doe defendants by March 3, 2017. Dkt. No. 17. The court warned the plaintiff that if he did not identify the Doe defendants by that date, the court might dismiss the Doe defendants. Id. On March 27, 2017 (more than three weeks after the deadline)[1], the court received a motion from the plaintiff, asking the court to extend the March 3, 2017 deadline. Dkt. No. 18. The plaintiff explained that he had not received responses to his discovery requests,

---

[1] The plaintiff dated the motion March 22, 2017—two weeks and four days after the deadline. Dkt. No. 18 at 2.

1

and that he was attempting to resolve the issue with the defendants' counsel. Id. The plaintiff since has identified the Doe defendants (see III below), and the court will grant the plaintiff's motion to extend the deadline for him to identify the Doe defendants *nunc pro tunc* to the date on which he identified them.

II.   *Defendant Morgan's Motion for Summary Judgment on Exhaustion Grounds*

On March 31, 2017, defendant Morgan filed a motion for summary judgment on the ground that the plaintiff had failed to exhaust his administrative remedies before filing this case. Dkt. No. 19. The brief in support of the motion asks the court to dismiss the case because, while the plaintiff may have filed two inmate complaints about the events of which he complains, he never appealed the resolution of those complaints. Dkt. No. 20 at 3. This motion is relevant to the court's decisions on some of the pending motions.

III.   *Plaintiff's Motion for Leave to File An Amended Complaint*

On April 3, 2017, the plaintiff filed a motion to for leave to file a second amended complaint. Dkt. No. 23. The only changes the plaintiff sought to make to the amended complaint he filed back in November 2016 (Dkt. No. 10) are to identify John Doe #3 as Matthew Friend and to identify John Doe #4 as Russell Goldsmith. The court construes the motion for leave to amend as a motion to substitute the proper names for the John Doe #3 and John Doe #4 placeholders. The amended complaint the plaintiff filed on November 3, 2016 (Dkt. No. 10) will remain the operative complaint in this lawsuit, with Matthew

2

Friend and Russell Goldsmith being substituted for John Doe #3 and John Doe #4, respectively.

In its November 23, 2016 screening order, the court also allowed the plaintiff to proceed on a claim against John Doe #7. The plaintiff has not identified the proper name of John Doe #7, and the deadline to do so has passed. The court will dismiss John Doe #7 as a defendant.

IV. *The Plaintiff's Motion regarding a Subpoena*

Also on April 3, 2017, the plaintiff filed a document entitled "Subpoena Duces Tecum." Dkt. No. 24. In reality, the document is a motion asking the court to order Edward Wall to produce various documents. The motion identifies Edward Wall as the Secretary of the Department of Corrections. Id. at 1. Edward Wall is not a defendant in this case, and he has not been the Secretary of the Department of Corrections since April 2016.

The plaintiff explains that, in response to his discovery requests, defendant Donald Morgan (at that time, the only named defendant) had stated that Morgan either was unaware of or unable to locate the materials the plaintiff requested. Dkt. No. 24 at 2. The plaintiff also asserts, without explaining why, that the requested discovery is relevant to the claims and defenses he has raised. Id. The motion asks the court to allow the plaintiff to serve a subpoena on Edward Wall, demanding that Wall produce the documents he asked for. Id. at 2-3.

A party may seek to compel a non-party to provide requested documents by serving that person with a subpoena. See Fed. R. Civ. Pro. 45. A person

3

wishing to issue a subpoena must ask the clerk of court to provide him with a subpoena form; the clerk of court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3). The requesting party must then complete the form, and make arrangements (and pay) for someone to serve the subpoena on the individual from whom he seeks to obtain the documents.

The party who seeks the subpoena is responsible for paying the associated costs—even if the court has found that that the party is indigent. See Armstead v. MacMillian, 58 Fed. Appx. 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); Nail v. Gutierrez, Case No. 06-cv-292, 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (unpublished) (". . . 28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs.") (citations omitted). Courts do not place the financial burden of a party's discovery on non-party individuals or on the opposing party.

For this reason, incarcerated plaintiffs rarely rely on subpoenas to collect information they need to prosecute their cases. Rather, they rely on the discovery process—serving interrogatories, requests for admission, and requests for production on the defendants' attorneys. The plaintiff asserts that the discovery process has not resulted in his getting the documents he needs. The court will address that claim later in this order.

4

The plaintiff himself notes in his motion, however, that it "is highly possible that the defendant will also be unable to locate the requested material . . . ." Dkt. No. 24 at 2. It is not clear whom the plaintiff means by "defendant." If he means Edward Wall (who is not a defendant), he is correct. Edward Wall is not the Secretary of the Department of Corrections, and has not held that position since April 2016—almost a year before the plaintiff filed his motion for a subpoena. Mr. Wall would not have access to Department of Corrections documents at this point.

The court will deny the plaintiff's motion for a subpoena, because (a) the court does not issue subpoenas (if the plaintiff wants to issue a subpoena, he must obtain one from the clerk of court, fill it out, make arrangements to have it served, and pay to have it served); and (b) Edward Wall is not the Secretary of the Department of Corrections, and is not the appropriate person to subpoena even if the plaintiff followed the correct Rule 45 procedure.

V.  *The Plaintiff's Motion to Compel*

On May 12, 2017—about five weeks after the court received the plaintiff's motion for a subpoena—the court received from the plaintiff a motion to compel. Dkt. No. 31. The motion asked the court to issue an order compelling the defendants to produce a copy of the Department of Corrections' Disciplinary Handbook, given out to inmates during intake at Dodge Correctional, and a copy of the inmate handbook given out to inmates during that same intake process. Id. In the attached declaration, the plaintiff states

5

that his request relates only to the exhaustion issue defendant Morgan raised in his March 31, 2017 motion for summary judgment. Dkt. No. 32 at 1.

The plaintiff attached to the declaration a series of documents that shows that the following events occurred:

\*       On February 15, 2017, the plaintiff signed a discovery demand, asking defendant Morgan for, among other things: DOC "policy, rules, directives or instructions concerning the conduct of disciplinary proceedings, 2011 version;" DOC policies "governing prisoner's rights to free exercise of religion, 2011 version;" and a copy of the DOC's "2011 version of the inmate general and disciplinary rules handbook, including but not limited to Columbia Correctional Institute rules governing inmates that were being temporarily housed at it's Institution Barracks in the year of 2011." Dkt. No. 32-1 at 1-2.

\*       On March 22, 2017, the plaintiff wrote a letter to counsel for defendant Morgan, indicating that he had not received her responses to his February 15, 2017 discovery demands, and demanding that she provide them within ten days of the date of the letter. Id. at 5.

\*       On March 22, 2017 (the same day the plaintiff wrote to defendant Morgan's counsel), defendant Morgan sent the plaintiff his responses to the plaintiff's discovery demands. Id. at 8. In response to the plaintiff's request for DOC rules and policies relating to disciplinary proceedings, 2011 version, the defendant provided a copy of Chapter 303 of the Wisconsin Administrative Code for the DOC. Id. at 10. In response to the plaintiff's request for DOC policies regarding prisoners' free exercise of religion, 2011 version, the

6

defendant provided three DAI policies. Id. In response to the plaintiff's request for a copy of the DOC 2011 general and disciplinary handbooks (including Columbia Correctional's rules governing inmates temporarily housed at the Institution Barracks in 2011), the defendant responded that Columbia Correctional did not have an inmate handbook until 2013. Id. at 11. He responded that he was not able to find the Housing Unit 10 handbook from 2011, but he provided the plaintiff with the 2013 handbook. Id. at 11-12.

\*      On April 17, 2017, the plaintiff drafted a third request for production of documents, asking for three items, including "[a] copy of Wisconsin Department of Corrections General Inmate Handbook and Disciplinary rule book." Id. at 6.

\*      On April 25, 2017, counsel for defendant Morgan responded to the plaintiff's third request. Id. at 17. As to the plaintiff's request for the Wisconsin Department of Corrections General inmate handbook and disciplinary rule book, the defendant objected that the request was vague and ambiguous. Id. at 19. The defendant indicated that there was no "general inmate handbook for the entire Wisconsin Department of Corrections," and referred the plaintiff to the handbooks and policies the defendant had provided the plaintiff in response to his first request for production of documents. Id.

The court will deny the plaintiff's motion to compel. The plaintiff first asserts that the defendant did not timely respond to his February 15, 2017 discovery requests. Dkt. No. 32 at 2. The court does not agree. The defendant would have had thirty days *from the date the defendant received them* to

respond to the plaintiff's February 15, 2017 discovery demands. The plaintiff may have prepared his demands on February 15, 2017, but given the vagaries of the prison mail system—and the regular mail system—it is likely that the defendant did not receive the demands until several days later. February 15, 2017 was a Wednesday—even if the institution had put the plaintiff's discovery demands into the mail that very same day (which, in the court's experience, is somewhat unlikely), it would not be surprising if the defendant did not receive them until the following week. The defendant's March 22, 2017 response was timely.

The plaintiff characterizes his March 22, 2017 letter as a good-faith effort to confer with opposing counsel. The plaintiff may have acted in good faith, but his letter was premature—he had not given the defendant sufficient time to respond to his demands. And as the documents the plaintiff filed show, the defendant provided the plaintiff with the discovery responses the very day the plaintiff wrote this letter.

The plaintiff states that the defendant "evaded" his request "for those particular books." Dkt. No. 32 at 2. The court disagrees. The defendant explained to the plaintiff that at the time of the events in the case, Columbia Correctional did not have an inmate handbook; that counsel had not been able to find the 2011 Unit 10 handbook; and that counsel was providing the 2013 Unit 10 handbook. The defendant also provided the plaintiff with the policies he'd requested.

Perhaps some of the reason the plaintiff feels the defendant has not responded to his requests is that he has made different requests at different times using different terminology. He has asked for a "general" inmate handbook. He has asked for "disciplinary" handbooks. In the motion to compel, the plaintiff stated for the first time that he was asking for two particular handbooks that, he asserts, are given to inmates during intake at Dodge Correctional. It is not clear how the defendant would have known that the particular handbooks the plaintiff asked for are handbooks given to each inmate passing through Dodge on the way to his final designation.

The court will deny the plaintiff's motion to compel. The defendant has provided the plaintiff with items that appear to respond to the more specific of the plaintiff's demands. If the items the defendant has provided are not the specific items the plaintiff was seeking, the appropriate thing for him to do would have been to write to counsel for the defendant and describe, in detail, the items he wanted—that is what a "good faith" attempt to resolve differences looks like.

VI.  *Defendant's Motion to Stay Dispositive Motions Deadline Pending Decision on Motion for Summary Judgment on Exhaustion Grounds.*

In the January 27, 2017 scheduling order, the court ordered the parties to file dispositive motions by June 26, 2017. Dkt. No. 17. The defendant has filed a motion to stay that deadline, reminding the court that he has filed a motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies. Dkt. No. 40 at 1. He argues, citing supporting case law, that the court should decide the exhaustion issue before requiring the

9

parties to file merits-based dispositive motions. Id. The court agrees, and will stay the deadline for filing merits-based dispositive motions until it rules on the defendant's exhaustion-based motion.

VI.     *Scheduling Issues*

Because the plaintiff now has identified the Doe defendants, the court will order electronic service of the plaintiff's November 2016 amended complaint (Dkt. No. 10) on defendants Friend and Goldsmith. Under an agreement between the Wisconsin Department of Justice and the court, those two defendants will have sixty days to respond to the plaintiff's amended complaint. As a way of allowing the newly identified defendants to "catch up" procedurally, the court will allow the newly identified defendants to either respond to the plaintiff's amended complaint and/or join in defendant Morgan's motion for summary judgment based on exhaustion.

On April 20, 2017, the plaintiff responded to defendant Morgan's motion for summary judgment. Dkt. No. 28. In his response, the plaintiff stated that the defendants had not provided him with his requested discovery, and that he needed additional discovery to be able to respond to the exhaustion issue. Id. He asked the court either to deny Morgan's motion or to stay ruling on the motion until he could complete discovery. Id.

The court notes that on April 19, 2017, the court granted defendant Morgan's motion to stay discovery unrelated to exhaustion pending a decision on his motion for summary judgment. Dkt. No. 27. The court acknowledges, though, that the plaintiff may need additional time to conduct very limited

discovery related to the exhaustion issue. The court will extend the plaintiff's deadline to respond to Morgan's motion for summary judgment. Between now and then, the court will allow the plaintiff to conduct *limited* discovery with regard to evidence relating to Morgan's claim that the plaintiff did not file inmate complaints, or appeal the resolution of any complaints, relating to the issues in this case. Discovery on all other topics will remain stayed under the court's April 19 order.

VII. *Conclusion*

The court **GRANTS** the plaintiff's motion for an extension of time to identify the John Doe defendants, *nunc pro tunc* to April 3, 2017. Dkt. No. 18.

The court **CONSTRUES** the plaintiff's April 3, 2017 motion for leave to amend the complaint as a motion to substitute the real names of Doe defendants #3 and 4, and **GRANTS** that motion. Dkt. No. 23. The court **ORDERS** that the amended complaint at Dkt. No. 10 shall remain the operative complaint, but **ORDERS** that Matthew Friend is **SUBSTITUTED** for John Doe #3 and Russell Goldsmith is **SUBSTITUTED** for John Doe #4.

The court **DISMISSES** John Doe #7 as a defendant.

The court **ORDERS** that under the informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent to the Wisconsin Department of Justice for service on Matthew Friend and Russell Goldsmith.

The court also **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, Matthew Friend

and Russell Goldsmith shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

The court **DENIES** the plaintiff's motion to subpoena Edward Wall. Dkt. No. 24.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 31.

The court also **GRANTS** the defendants' motion to stay the deadline for filing dispositive motions pending a decision on the defendants' motion for summary judgment on exhaustion grounds. Dkt No. 40.

The court **DENIES AS MOOT** the defendants' motion for extension of time of dispositive motions deadline. Dkt. No. 41.

The court **ORDERS** that, no later than the end of the day on **July 14, 2017**, the plaintiff shall file discovery demands on the defendants, limited to the question of whether he filed inmate complaints about the issues he has raised in this lawsuit, and about whether he appealed any dispositions of those complaints. The court **ORDERS** that the deadline for the plaintiff to respond to defendant Morgan's motion for summary judgment on exhaustion grounds is **EXTENDED** to **September 22, 2017**.

Dated in Milwaukee, Wisconsin this 26th day of June, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**