UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ORLANDO LARRY,

        Plaintiff,

v.                                                  Case No. 16-cv-1108-pp

DONALD MORGAN, *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION TO STAY (DKT. NO. 43) AND GRANTING DEFENDANT FRIEND'S AND DEFENDANT GOLDSMITH'S MOTION TO JOIN DEFENDANT MORGAN'S MOTION FOR SUMMARY JUDGMENT ON EXHAUTION GROUNDS (DKT. NO. 44)**

---

      In March of 2017, the only defendant the plaintiff had identified by name was defendant Donald Morgan. Morgan filed a motion for summary judgment on March 31, 2017, arguing that the plaintiff had failed to exhaust his administrative remedies. Dkt. No. 19. A few days later, the plaintiff filed an amended complaint, seeking to substitute the real names of other defendants, who up until then had been identified as "Doe" defendants. Dkt. No. 23. Two weeks later, Morgan and the "Doe" defendants filed a motion, asking the court to stay discovery pending a decision on his summary judgment motion. Dkt. No. 25. All of the named defendants later filed a motion to stay the dispositive motions deadline for the same reason, dkt. no. 40, and asked the court to extend time for them to file dispositive motions, dkt. no. 41.

The court construed the plaintiff's amended complaint as a motion to substitute the real names for the Doe placeholders, and granted the motion; it also, among other things, stayed discovery unrelated to the exhaustion issue, stayed the dispositive motion deadline pending a decision on Morgan's summary judgment motion, and extended the plaintiff's deadline to respond to Morgan's summary judgment motion to September 22, 2017, to allow the plaintiff time to engage in discovery on the exhaustion issue. Dkt. Nos. 27, 42. The court ordered defendants Matthew Friend and Russell Goldsmith (the newly identified defendants) to either respond to the plaintiff's complaint or file a motion seeking to join Morgan's motion for summary judgment on exhaustion grounds. Dkt. No. 42.

On June 26, 2017—the same date that the court extended the plaintiff's deadline to respond to Morgan's summary judgment motion—the court received a motion from the plaintiff, asking the court to either extend his deadline to respond to Morgan's motion or stay the briefing of that motion until the defendants responded to the plaintiff's discovery requests. Dkt. No. 43. The plaintiff described his interactions with the defendants regarding their alleged failure to respond to his discovery requests. <u>Id</u>. Specifically, the plaintiff explained that he asked for copies of the Department of Corrections General Inmate Handbook and disciplinary rule books from 2012. <u>Id</u>. He argues that the defendants have consistently refused to provide him with copies of these books. <u>Id</u>.

The court dealt with most of the plaintiff's concerns in its June 26, 2017 order (dkt. no. 42), but the plaintiff had not received that order at the time he mailed his motion. The court won't repeat here what it said in that order, but it will address the plaintiff's assertion that he needs the handbooks to support his argument that administrative remedies were unavailable to him. See Dkt. No. 43 ¶10-11. As the defendants noted, the administrative code, not institution handbooks, dictates the requirements for exhaustion. See Dkt. No. 36 at 4; Wis. Admin. Code ch. DOC 310. The defendants provided the plaintiff with a copy of the relevant code provisions on March 22, 2017. Dkt. No. 32-1 at 10. It is unclear to the court what purpose the requested handbooks serve as it relates to the exhaustion issue.

Regardless, the court has already extended the deadline by which the plaintiff must respond to Morgan's motion for summary judgment, so it will deny the plaintiff's motion to extend or stay that deadline as moot.

Finally, on June 30, 2017, defendants Friend and Goldsmith filed a motion asking to join defendant Morgan's motion for summary judgment on exhaustion grounds. Dkt. No. 44. The court will grant that motion.

The court **DENIES AS MOOT** the plaintiff's motion to extend or stay the deadline by which he must respond to the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 43. The plaintiff's response brief is due **September 22, 2017**.

The court **GRANTS** defendants Friend and Goldsmith's motion to join defendant Morgan's motion for summary judgment on exhaustion grounds (Dkt. No. 44).

Dated in Milwaukee, Wisconsin this 12th day of July, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**