UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ORLANDO LARRY,

                Plaintiff,

v.                                      Case No. 16-cv-1108-pp

RUSSELL GOLDSMITH,
and MATTHEW FRIEND,

                Defendants.

**ORDER DENYING MOTIONS TO COMPEL (DKT. NOS. 59, 65) AND DENYING MOTION TO QUASH (DKT. NO. 61)**

The plaintiff is a Wisconsin state prisoner representing himself. He is proceeding on a First Amendment free-exercise-of-religion claim, based on the defendants' alleged refusal to allow him to pray. Dkt. No. 57. He has filed two motions to compel discovery and a motion to quash. Dkt. Nos. 59, 61, and 65. Specifically, in his first motion to compel, plaintiff asks the court to order the defendants to provide him with (1) discipline and personnel complaints against the defendants; (2) a copy of his medical records for August 1, 2010 through January 3, 2012; and (3) a copy of the hours the defendants were on duty for the month of August and their wages. Dkt. No. 59. In his second motion to compel, he asks the court to order the defendants to respond to his fifth request for discovery and second set of interrogatories. Dkt. No. 65. Finally, he asks the court to quash the defendants' notice requiring him to submit to a deposition. Dkt. No. 61. The court will deny all of these motions.

1

## I. First Motion to Compel (Dkt. No. 59)

Rule 26(b)(1) of the Federal Rules of Civil Procedure says that parties are entitled to discovery regarding any "matter" that is "relevant" to that party's claim, if it isn't privileged and is "proportional to the needs of the case." Evidence is "relevant" if it "has any tendency to make a fact more or less probable than it would be without the evidence," and it "is of consequence in determining the action." Fed. R. Evid. 401.

The court has allowed the plaintiff to proceed on one claim: that the defendants violated his First Amendment free-exercise-of-religion rights when they denied him the right to pray. Dkt. No. 57 at 15-19. So the plaintiff is entitled to any discovery that has a tendency to make his claim that the defendants denied him his right to pray more or less probable, and that is "of consequence" for the court or a jury to decide that claim.

The plaintiff's first motion to compel asks first for all discipline and personnel complaints against the defendants. Dkt. No. 59 at 1. In their response to the plaintiff's fourth request for production of documents, the defendants informed the plaintiff that "neither Defendant has been disciplined by the DOC." Dkt. No. 68-1 at 1. In their response to the plaintiff's motion to compel, the defendants reiterate that "there have been no substantiated personnel complaints against these Defendants," and that there are "no unsubstantiated complaints to produce" because the DOC retains unsubstantiated complaints for only a year. The defendants also argue that unsubstantiated complaints would be irrelevant, simply because they are

unsubstantiated. Dkt. No. 67 at 2. The court cannot force the defendants to produce something that does not exist. The court will deny this request.

Next, the plaintiff asks the court to require the defendant to produce any of his medical records in the possession of the Columbia Correctional Institution for the period of August 1, 2010 through January 3, 2012. Dkt. No. 59 at 1. The defendants respond that the plaintiff's medical records are not relevant to his claim that they violated his right to freely exercise his religion, dkt. no. 67 at 2; the court agrees. The plaintiff has not explained the reason, and the court cannot think of one, that his medical records would have anything to do with his claim that the defendants did not allow him to pray. Further, the plaintiff's claim is that the defendants prevented him from praying on August 2, 2011. Even if he could somehow show that his medical records were relevant to that claim, it is not clear why records from a year before that date, and for four months after it, would be relevant. The court will deny this request.

Finally, the plaintiff asked the court to order the defendants to provide him with their hours for the entire month of August—he does not specify a year—and the amount of their hourly wages. Dkt. No. 59 at 1. The defendants respond that they provided the plaintiff with the defendants' hours for the first two weeks of August 2011; those records cover the days the plaintiff claims they denied him his rights, and then some. The plaintiff has provided no reason why he would need the defendants' hours for the entire month, and he

3

has not explained what relevance the defendants' hourly wages might have to his First Amendment claim. The court will deny this request.

The court will deny the plaintiff's first motion to compel. Dkt. No. 59.

## II. Motion to Quash (Dkt. No. 61)

The plaintiff also filed a motion asking the court to quash the defendants' notice for his deposition. Dkt. No. 61. He alleges that his notice of deposition "was served upon [him] in contravention of Federal Rules 30(a)(2)(B) and Rules 26(b)(1) and (2) without any stipulations being made between the parties concerning the deposition." Dkt. No. 62 at 2. He closed by noting that the deadline for completing all discovery was July 13, 2018. Id. In its scheduling order, the court gave the permission to depose required by Rule 30(a)(2)(B) when a party is confined to prison, adding that the defendants needed to give plaintiff at least fourteen days' notice. Dkt. No. 17 at 1.

Rule 30(b) requires a party noticing a deposition to "give reasonable written notice" to every other party. Fed. R. Civ. P. 30(b)(1). The notice has to state the time and place of the deposition, and the name and address of the person being deposed. Fed. R. Civ. P. 30(b)(2). The court does not know why the plaintiff believes the notice he received violated that rule. By his own declaration, the plaintiff received the notice on June 25, 2018, more than fourteen days before the July 11, 2018 deposition. Dkt. No. 62 at ¶3. By his own declaration, the notice provided him with the date, time and location of the proposed deposition. Id. at ¶4. Rule 30(b) does not say anything about

"stipulations," and there is no requirement that parties reach a "stipulation" before one party can notice a deposition.

Rule 26(b)(1) describes the scope of discovery, and Rule 26(b)(2) gives the court the authority to limit certain kinds of discovery, such as the number of depositions or interrogatories, or the length of depositions. Again, the court cannot see how the notice of deposition the plaintiff received violated either of these rules. The court will deny the motion to quash.

### III. Second Motion to Compel (Dkt. No. 65)

The plaintiff's second motion to compel asked the court to order the defendants to respond to a laundry list of discovery demands. Dkt. No. 65. He explained in the attached declaration that he asked the defendants for this discovery in his June 13, 2018 discovery demands. Dkt. No. 66 at 1. The defendants respond that they had thirty-three days to respond to this request under the rules of civil procedure (and that the envelope in which the plaintiff mailed the request was post-marked June 15, 2018, resulting in a response deadline of July 18—five days after the close of discovery). Dkt. No. 67 at 3. Despite this fact, the defendants indicate that they put their responses in the mail early—on July 16, 2018. Id.

Rule 33(b)(2) of the Federal Rules of Civil Procedure says that a party has to serve answers to interrogatories within thirty days of being served with them. Rule 34(b)(2)(A) sets the same deadline for responding to requests for production of documents. Rule 6(d) adds another three days to that period when the document is being served by mail. So if the plaintiff dated his

5

discovery demands on June 13, 2018, and they hit the mail on June 15, 2018, the defendants had thirty days from the date of service (June 15, 2018) to put their responses in the mail. By the court's calculations, thirty days from June 15, 2018, not counting that date (see Fed. R. Civ. P. 6(a)(1)(A) was July 15, 2018, but that day was a Sunday, so the thirtieth day would have been July 16, 2018 (see Fed. R. Civ. P. 6(a)(1)(C). Adding three days to that under Rule 6(d), the defendants had until July 19, 2018 to put their responses in the mail. Their declaration indicates that they put the responses in the mail on July 16, 2018—three days earlier than required.

Further, it is true that the court set a deadline of July 13, 2018 for completing discovery. Dkt. No. 57 at 57. But that means that the parties—plaintiff or defendants—must serve their discovery demands early enough for the other side to comply by that date. The fact that the defendants mailed their responses to the plaintiff's demands three days after the close of discovery was not because they violated Rules 33 and 34; it was because the plaintiff did not serve his demands sufficiently early to give the defendants the required thirty-three days to respond.

Because the defendants timely complied with the plaintiff's June 15, 2018 discovery demand, the court will deny the second motion to compel.

**IV.    Miscellaneous**

The court notes that the defendants filed a motion for summary judgment on August 17, 2018. Dkt. No. 70. The court's March 30, 2018 order specified that the plaintiff had to file his response, if any, by September 21,

2018. Dkt. No. 57 at 22. If the plaintiff needs additional time to respond, he must file a motion asking the court for that additional time.

**V.     Conclusion**

The court **ORDERS** that the plaintiff's motion to compel is **DENIED**. Dkt. No. 59.

The court **ORDERS** that the plaintiff's motion to quash is **DENIED**. Dkt. No. 61.

The court **ORDERS** that the plaintiff's motion to compel is **DENIED**. Dkt. No. 65.

Dated at Milwaukee, Wisconsin this 18th day of September, 2018.

                       **BY THE COURT:**

                       _____
                       **HON. PAMELA PEPPER
United States District Judge**