UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ORLANDO LARRY,

        Plaintiff,

v.

        Case No. 16-cv-1108-pp

RUSSELL GOLDSMITH, *et al.*,

        Defendants.

---

**ORDER DECLINING TO RULE ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 92) AND GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 94)**

---

On March 11, 2019, the court granted the defendants' motion for summary judgment, dismissed the complaint and entered judgment. Dkt. Nos. 85, 86. About two weeks later, the plaintiff filed a notice of appeal, and about three weeks after that, he filed a motion for reconsideration. Dkt. Nos. 87, 92.

"The filing of an appeal . . . deprive[s] the district court of jurisdiction over the case." Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999).

> [T]he district court and the court of appeals do not share jurisdiction over the same case. Jurisdiction is either all in one court or all in the other. This rule is necessary to prevent one court's stepping on the toes of the other, which would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time.

Id. (citations omitted).

In other words, once the case goes to the court of appeals (which this case has), the district court does not have jurisdiction to rule on motions the

1

party files in this court. There are limited exceptions to this rule: Circuit Rule 57 of the United States Court of Appeals for the Seventh Circuit states that if during the pendency of an appeal, a party files a motion under Federal Rule of Civil Procedure 60(a) or 60(b), Federal Rule of Criminal Procedure 35(b), "or any other rule that permits the modification of a final judgment," that party should ask the district court to indicate whether it is inclined to grant the motion. If the district court says it is so inclined, the Seventh Circuit will remand the case to the district court to modify the judgment.

The plaintiff filed his motion for reconsideration under Fed. R. Civ. P. 60(a) and (b), but he did not ask the court whether it would be inclined to grant the motion. If he *had* asked, the court would have told him that it is not so inclined.

The plaintiff raises three issues in his motion for reconsideration. First, he asserts that "the court made a mistake when it dismissed Michael Meisner" in its November 23, 2016 screening order because "Meisner is liable under the doctrine of respondeat superior." Dkt 92 at 2. Second, he asserts that the defendants filed "sham declarations" to prove that a handbook containing the rule at issue was available to the plaintiff on his unit at the time of the alleged misconduct. Id. at 2-3. Third, he asserts that the "court was in error" when it "mischaracterized the plaintiff's claim" and failed to consider arguments relevant to claims that he raised for the first time in his response to the defendants' motion for summary judgment. Id. at 3-5.

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The plaintiff does not assert that that court made a clerical mistake or a mistake arising from oversight or omission. The plaintiff asserts that the court's reasoning and decisions were wrong. Rule 60(a) does not apply.

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The plaintiff relies on sections (1)-(3) and (6). Dkt. No. 92 at 1. Rule 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). The plaintiff does not identify a mistake; he just argues that the court was wrong. Rule 60(b)(2) does not afford the plaintiff relief because he has not presented newly discovered evidence. Under Rule 60(b)(3), a court may relieve a party of final judgment if the party demonstrates the opposing party obtained the judgment by fraud, misrepresentation or misconduct. The plaintiff argues that the defendants submitted "sham affidavits." His only support for this conclusion is that it took the defendants a

3

long time to locate a handbook that had last been in effect six years before he served his discovery request. It's unclear to the court how a delay in locating an old document supports a conclusion that three different people lied in their declarations. The plaintiff is not entitled to relief under Rule 60(b)(3).

Finally, Rule 60(b)(6), which is the "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). The plaintiff has not identified any extraordinary circumstances requiring the court to reconsider its decision; he just doesn't think the court got it right.

The court is not inclined to grant the plaintiff's motion.

The plaintiff also has asked leave to appeal without prepaying the filing fee. Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full in a civil case. 28 U.S.C. §1915(b). But a party who has been granted leave to proceed without prepaying the filing fee in the district court may proceed without prepaying the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also, Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed in forma pauperis in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir.

1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962)). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

This court sees no indication that the plaintiff has taken his appeal in bad faith. The court will grant his motion to proceed with his appeal without prepaying the filing fee.

The court **DECLINES TO RULE** on the plaintiff's motion for reconsideration because it lacks jurisdiction to do so. Dkt. No. 92.

The court **GRANTS** the plaintiff's motion to proceed with his appeal without prepaying the appellate filing fee. Dkt. No. 94.

Dated in Milwaukee, Wisconsin this 11th day of June, 2019.

BY THE COURT:

HON. PAMELA PEPPER
**United States District Judge**